FRED A. RISSER, Chairperson Senate Organization Committee
You have requested my opinion on a number of questions which seek to clarify the procedure to be used by a county zoning committee under sec. 91.73 (4), Stats., as created by ch. 29, sec. 982m, and amended by ch. 169, sec. 14, Laws of 1977, when making recommendations to a county board concerning proposed "exclusive agricultural use" amendments to county zoning ordinances.
Chapter 91, Stats., which establishes a program designed to preserve Wisconsin farmland through tax credits, farmland preservation agreements and exclusive agricultural zoning, was originally created by ch. 29, Laws or 1977. Section 91.73 as subsequently amended by ch. 169, Laws of 1977, establishes the procedures which are to be followed in enacting exclusive agricultural use ordinances and provides in part as follows:
 PROCEDURES. (1) Except as otherwise provided, exclusive agricultural zoning ordinances shall be adopted and administered in accordance with ss. 59.97 to 59.99, 60.74 and 60.75, 61.35 or 62.23.
. . . .
 (4) Amendments to the texts of existing county zoning ordinances to bring the ordinances into compliance with this chapter, which are adopted by the county board, shall be effective in any town which does not file a certified copy of a resolution disapproving of the amendment pursuant to s. 59.97 (5) (e) 3m or 6. In those towns which disapprove of the *Page 291 
amendment the former agricultural zoning remains in effect and shall be so designated on the official zoning map.
You first ask:
 1. If a majority of towns file resolutions disapproving of a proposed amendment creating an exclusive Agriculture District under Wis. Stats. 91.73 (4), what procedure should be followed by the Zoning Committee in making a recommendation to the County Board? This section refers to both the procedures of Chapter 59.97 (5)(e) 3m and 6. Since the provisions of chapters 91 and 59 appear to be in conflict, which prevails?
Section 59.97 (5), Stats., sets forth the procedure to be followed in formulating comprehensive county zoning ordinance provisions. Since sec. 91.73 (1), Stats., expressly provides that exclusive agriculture zoning ordinances shall be adopted in accordance with sec. 59.97, Stats., "[e]xcept as otherwise provided," and since sec. 91.73 (4), Stats., does provide otherwise, in part, in reference to amendments to the texts of existing county zoning ordinances, the latter provisions control to the extent they alter the procedure otherwise applicable to the amendment of ordinances under sec. 59.97 (5)(e), Stats. Thus, even if a majority of towns file resolutions disapproving the creation of an exclusive agricultural use district by amendment to an existing ordinance, the amendment may become effective in those towns which do not adopt and file resolutions of disapproval.
In responding to the remainder of your questions, I assume that they also refer to a proposed exclusive agricultural zoning district amendment to the "text" of an existing zoning ordinance which has been initially disapproved by a majority of the towns in a county.
Your second and third questions are related and will be answered together.
 2. Can the Zoning Committee recommend the proposed amendment for adoption by the County Board and if adopted can this become effective in those towns that did not file resolutions of disapproval within the ten day period and in those which file statements of approval? *Page 292 
 3. Can the Committee only modify the amendment and if adopted by the County Board as modified return the modified ordinance to the towns for approval? Would this be effective in those towns that did not file resolutions of disapproval within the forty days as provided for in Wis. Stats. 59.97 (5)(e)6.?
The procedures for the adoption of amendments to comprehensive county zoning ordinances are set forth in sec. 59.97 (5) (e) 1. through 7., Stats. Paragraph 3m. authorizes towns affected by proposed amendments to indicate their disapproval prior to, at or within ten days after the public hearing thereon before the county zoning agency (committee) and further states that:
 If the town board of the town affected in the case of an ordinance relating to the location of boundaries of districts files such a resolution, or the town boards of a majority of the towns affected in the case of all other amendatory ordinances file such resolutions, the agency may not recommend approval of the petition without change, but may only recommend approval with change or recommend disapproval.
Paragraph 4. further provides, in part, that "If the agency after its public hearing shall recommend denial of the petition it shall report its recommendation directly to the county board with its reasons for such action."
The immediate practical effect of town resolutions disapproving of the petition is that the agency may not recommend approval of the petition "as is" if the required resolutions are filed. Under such circumstances the agency may, however, recommend approval of the change requested in the petition with such modification as it determines to be consistent with good zoning practice under the existing county zoning ordinance or may, in the alternative, recommend disapproval of the petition. Such disapproval may be based upon a belief that the zoning changes requested by the petition should be disapproved or because the agency does not believe that the zoning change requested by the petition should or could be modified, and the agency cannot recommend approval of the petition without change due to the filing of the requisite resolutions by the towns involved. *Page 293 
In the foregoing context, then, the agency's report to the board of supervisors is not merely a device to transmit town board disapproval to the board of supervisors, and the agency need not propose changes to meet the criticism of the town board if the agency is not convinced that the zoning request should be so modified. When proper resolutions disapproving of the petition have been filed, however, the agency may not make an independent recommendation that the petition be approved without change. Under such circumstances, however, if the agency is not disposed to approving a modified version of the requested zoning change, it may indicate that one of the reasons, or the only reason, for recommending denial of the petition is that the filing of resolutions disapproving of the petition under sec. 59.97 (5)(e)3m. requires such action.
If such a zoning committee report recommends disapproval of the amendment petition, the county board may nevertheless re-refer the same to the committee with instructions to draft an ordinance to effectuate the petition and may thereafter adopt the ordinance. If the committee approves the petition, with modification, it must forward a proposed ordinance effectuating said determination with its recommendations, whereupon, the county board may adopt the ordinance as drafted or with amendment. Sec. 59.97 (5)(e)4. and 5., Stats.
In either event, the operative provisions of sec. 59.97 (5)(e)6., Stats., apply. Section 59.97 (5)(e)6., Stats., normally provides, in effect, that whether a county zoning ordinance amendment intended to have general or broad application becomes effective is controlled by the majority of the towns affected by the amendment. The apparent intent of sec. 91.73 (4), Stats., is to alter that concept of "majority rule" and allow each town to approve or disapprove of the amendment on an individual basis. Reading sec. 59.97 (5)(e)6. with sec. 91.73 (4), therefore, I conclude that it the amendatory ordinance makes only the change sought in the petition, and the petition was not disapproved by the town board under paragraph 3m., the ordinance becomes effective in that town on passage. Any other amendatory ordinance will be effective in a town affected by the ordinance 40 days from adoption of the ordinance, or earlier, unless the affected town board files a resolution disapproving such amendment within said 40 days.
BCL:JCM *Page 294